```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ROSAMMA SAJI,

                Plaintiff,          MEMORANDUM & ORDER
                                    13-CV-3866(JS)(AKT)
        -against-

NASSAU UNIVERSITY MEDICAL CENTER,

                Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Thomas Ricotta, Esq.
                    White Ricotta & Marks, P.C.
                    86-12 37th Avenue
                    Jackson Heights, NY 11372

For Defendant:      Brian Joseph Clark, Esq.
                    Nicholas Mario Reiter, Esq.
                    Venable LLP
                    1270 Avenue of the Americas
                    New York, NY 10020
```

SEYBERT, District Judge:

Currently pending before the Court is defendant Nassau University Medical Center's ("NUMC" or "Defendant") motion for reconsideration of the Court's Memorandum and Order dated March 31, 2016. (Def.'s Mot., Docket Entry 49.) For the following reasons, the Court GRANTS reconsideration, VACATES the portion of its Memorandum and Order dated March 31, 2016, (Docket Entry 47), that denied Defendant's motion for summary judgment, and GRANTS Defendant's motion for summary judgment, (Docket Entry 34), in its entirety.

BACKGROUND

The Court assumes familiarity with the background of this case, which is set forth in detail in its Memorandum and Order dated March 31, 2016 (the "Summary Judgment Order"). (Summ. J. Order, Docket Entry 47.) Briefly, in 2009, plaintiff Rosamma Saji ("Plaintiff"), a woman of Indian national origin, was hired as a per diem Registered Nurse IV ("RN-IV") at NUMC. (Summ. J. Order at 2.) In 2010, Plaintiff was hired for the full-time RN-IV "Nurse Manager i[n] Nursing Administration" position. (Summ. J. Order at 3, n.2.) In or about 2012, NUMC investigated allegations that Plaintiff refused to provide her oncoming shift supervisor with a report at the end of her shift and deducted ten days from Plaintiff's leave bank as a disciplinary measure. (Summ. J. Order at 5.) On March 2, 2012, NUMC eliminated the full-time RN-IV position in connection with layoffs and terminated thirty-seven employees, including Plaintiff. (Summ. J. Order at 6-7.)

On March 28, 2012, Plaintiff's former counsel sent a letter to NUMC alleging that NUMC disciplined Plaintiff and selected her for layoff based on her national origin. (Summ. J. Order at 11.) On April 16, 2012, NUMC published a job posting for an RN-IV position. (Summ. J. Order at 12.) NUMC alleged that the posting was accidental, it did not intend to hire an RN-IV in or about April 2012, and it has yet to replace Plaintiff's RN-IV Nurse Manager in Nursing Administration position. (Summ. J. Order at

12.)  NUMC also alleged that the only RN-IV hiring at NUMC following Plaintiff's layoff "was to fill an RN-IV vacancy as Nurse Manager for the Operating Room, a specialized position for which Plaintiff was not qualified."  (Zink Aff., Docket Entry 37, ¶ 21.)

On July 10, 2013, Plaintiff commenced this action alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York State Human Rights Law ("NYSHRL") with respect to national origin discrimination and retaliation.[1]  (Summ. J. Order at 1.)  Plaintiff's retaliation claim was based on NUMC's refusal to restore vacation time and its failure to rehire Plaintiff.  (Summ. J. Order at 31-32.)

I. Motion for Summary Judgment

On December 8, 2014, Defendant filed a motion for summary judgment.  (Def.'s Summ. J. Mot., Docket Entry 34.)  With respect to Plaintiff's retaliation claim, Defendant argued that Plaintiff failed to satisfy her prima facie burden regarding causation, as the April 2012 job posting was an error, Defendant did not hire a replacement for Plaintiff's prior position, and "[t]he sole hire--full time or otherwise--by NUMC in the RN-IV classification for a position, Nurse Manager for the Operating Room Department, for

---

[1] Plaintiff also asserted a claim under the New York State Civil Service Law and Title VII and NYSHRL hostile work environment claims; however, Plaintiff's hostile work environment claims were voluntarily dismissed with prejudice and Plaintiff confirmed that she was not pursuing a separate claim under the New York State Civil Service Law.  (Summ. J. Order at 13.)

3

which Plaintiff was not qualified, did not take place until more than six months after Plaintiff's protected activity." (Def.'s Summ. J. Br., Docket Entry 35, at 23.)

With respect to pretext, Defendant asserted that "more than six months elapsed between Plaintiff's protected activity and NUMC's hiring of another RN-IV, thereby making it even less likely that Plaintiff could establish the but-for causal connection needed to prevail on her retaliation claim arising from NUMC's refusal to re-hire her after her layoff." (Def.'s Summ. J. Br. at 25.) NUMC also argued that Plaintiff failed to "raise an issue of fact regarding the veracity of NUMC's assertion that the RN-IV job posting was unintentional." (Def.'s Summ. J. Reply Br., Docket Entry 45, at 4.)

II. <u>Summary Judgment Order</u>

On March 31, 2016, the Court issued its Summary Judgment Order. The Court granted summary judgment as to Plaintiff's discrimination claim. (Summ. J. Order at 29.) With respect to Plaintiff's retaliation claim, the Court held that Defendant's refusal to restore Plaintiff's leave time did not constitute an adverse action but denied summary judgment as to Plaintiff's retaliation claim based on Defendant's failure to rehire her. (Summ. J. Order at 31-38.)

In denying summary judgment, the Court noted that the parties did not dispute that Plaintiff engaged in a protected

4

activity by sending the March 28, 2012, letter and "[t]he parties further agree[d] that NUMC's decision not to rehire Plaintiff after NUMC's job posting is an adverse employment action." (Summ. J. Order at 31.) The Court noted that "NUMC claims that the April 2012 job posting was accidental and that the sole hire by NUMC for an RN-IV position took place more than six months after Plaintiff's protected activity and was for a Nurse Manager for the Operating Room Department, a position that Plaintiff was not qualified for." (Summ. J. Order at 35.) However, the Court held that Plaintiff stated a <u>prima facie</u> retaliation claim based on the very close temporal proximity between Plaintiff's March 28, 2012, letter and Defendant's April 2012 RN-IV job posting as well as the totality of the circumstances, which included "the hiring of a full-time RN-IV six months after Plaintiff's protected activity." (Summ. J. Order at 35-36.)

The Court further held that Defendant articulated a non-retaliatory explanation for its failure to rehire, namely, that it did not fill Plaintiff's prior position and did not hire anyone in connection with the accidental April 2012 job posting, and the only RN-IV position hired was the RN-IV Nurse Manager for the Operating Room (the "Operating Room Position"), which Plaintiff was not qualified for. (Summ. J. Order at 37.) The Court ultimately found that Plaintiff met her burden of establishing pretext in light of "the totality of the circumstances--in which

5

the temporal proximity between the protected activity and the adverse action is such that a reasonable trier of fact could conclude, by a fair preponderance of the evidence, that notwithstanding the non-retaliatory reasons proffered by Defendant, Plaintiff would have been rehired if not for her complaint of discrimination." (Summ. J. Order at 37-38.)

III. Motion for Reconsideration

On April 28, 2016, Defendant moved for reconsideration of the Summary Judgment Order, arguing that the Court erred in denying summary judgment with respect to Plaintiff's retaliation claim. (See generally Defs.' Mot.) Defendant argues that reconsideration is warranted because: (1) Plaintiff did not apply for the accidental April 2012 job posting, (Defs.' Br., Docket Entry 50, at 5-6); (2) Plaintiff failed to introduce admissible evidence to establish that the April 2012 job posting was intentionally posted, (Defs.' Br. at 7); (3) the posting of the April 2012 job posting did not constitute an adverse action, (Defs.' Br. at 7-9); (4) Plaintiff was not qualified for the Operating Room Position, (Defs.' Br. at 9-10); (5) Plaintiff did not apply for the Operating Room Position, (Defs.' Br. at 10-11); and (6) Plaintiff failed to establish "but-for" causation sufficient to demonstrate pretext, (Defs.' Br. at 11-13).

Plaintiff avers that Defendant has asserted new theories that were not addressed in its underlying motion--namely, that its

6

failure to rehire Plaintiff was not an adverse employment action and Plaintiff's failure to apply for the April 2012 job posting precludes her retaliation claim. (Pl.'s Br., Docket Entry 52, at 3-5.) Alternatively, Plaintiff argues that Defendant's failure to rehire was an adverse action, as Plaintiff expressed interest in the April 2012 job posting through her attorney and that posting was withdrawn before Plaintiff could formally apply. (Pl.'s Br. at 8-9.) Plaintiff also argues that the Court addressed Defendant's argument that the April 2012 job posting was accidental and the question of Defendant's intent is an issue for trial. (Pl.'s Br. at 10-11.) Finally, Plaintiff contends that Defendant's argument regarding the Operating Room Position is misplaced, as Plaintiff does not dispute that she was not qualified for that position and "Defendant only set forth this fact to show that this was the only nursing position filled following the April 2012 job posting." (Pl.'s Br. at 11-12.)

## DISCUSSION

Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3. See Wilson v. Pessah, No. 05-CV-3143, 2007 WL 812999, at *2 (E.D.N.Y. Mar. 14, 2007). The standard for granting such a motion pursuant to Rule 59(e) is "strict, and reconsideration will generally be denied." Id. (internal quotation marks and citation omitted). A motion for

7

reconsideration is not an opportunity for a party to "offer the same arguments that were previously submitted to the court" or "advance new facts, issues or arguments not previously presented to the Court[.]" Richards v. N. Shore Long Island Jewish Health Sys., No. 10-CV-4544, 2013 WL 950625, at *1 (E.D.N.Y. Mar. 12, 2013) (internal quotation marks and citation omitted). Thus, "[a] motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks and citation omitted).

As set forth more fully in the Summary Judgment Order, Title VII and NYSHRL retaliation claims are analyzed pursuant to the McDonnell Douglas burden shifting framework. Setelius v. Nat'l Grid Elec. Servs. LLC, No. 11-CV-5528, 2014 WL 4773975, at *19 (E.D.N.Y. Sept. 24, 2014). First, Plaintiff must set forth a prima facie retaliation claim by demonstrating: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." Hicks v. Baines, 593 F.3d 159, 164 (2d Cir. 2010) (internal quotation marks and citation omitted). At this stage, the plaintiff's burden is "de minimis" and the Court's role

8

is "to determine only whether proffered admissible evidence would be sufficient to permit a rational finder of fact to infer a retaliatory motive." Id. (internal quotation marks and citation omitted).

If the plaintiff states a prima facie case, "a presumption of retaliation arises" and the defendant must set forth a "legitimate, non-retaliatory reason for the adverse employment action." Id. (internal quotation marks and citation omitted). If the defendant meets that burden, "the presumption of retaliation dissipates, and the employee must show that retaliation was the 'but-for' cause of the challenged employment action." Geller v. N. Shore Long Island Jewish Health Sys., No. 01-CV-0170, 2013 WL 5348313, at *8 (E.D.N.Y. Sept. 23, 2013) (quoting Univ. of Texas Sw. Med. Ctr. v. Nassar, --- U.S. ----, 133 S. Ct. 2517, 2533, 186 L. Ed. 2d 503 (2013)).[2] However, "'but-for' causation does not require proof that retaliation was the only cause of the employer's action, but only that the adverse action would not have occurred in the absence of the retaliatory motive." Zann Kwan v. Andalex Group LLC, 737 F.3d 834, 846 (2d Cir. 2013). The plaintiff may

---

[2] While it is unclear whether the "but-for" causation standard set forth in Nassar applies to NYSHRL claims, this Court has "continue[d] to interpret the standard for retaliation under the NYSHRL in a manner consistent with Title VII jurisprudence as clarified by the Supreme Court in Nassar." Prophete-Camille v. Stericycle, Inc., No. 14-CV-7268, 2017 WL 570769, at *10, n.10 (E.D.N.Y. Feb. 13, 2017) (internal quotation marks and citation omitted).

9

demonstrate but-for causation by setting forth "weaknesses, implausibilities, inconsistencies, or contradictions in the employer's proffered legitimate, nonretaliatory reasons for its action." Id.

The Court concurs with Defendant that it erred in holding that Plaintiff satisfied her ultimate burden of establishing pretext. (Defs.' Br. at 11-13.) As set forth above, Plaintiff's protected activity took place on March 28, 2012, and her alleged adverse employment action was Defendant's failure to rehire her in connection with the April 16, 2012, job posting that Defendant allegedly posted accidentally and withdrew after Plaintiff expressed interest in the position.[3] (Summ. J. Order at 11-12, 31; see also Pl.'s Summ. J. Br., Docket Entry 44, at 13 (arguing that the jury must determine whether "given the timing and sequence of events, [ ] the job posting was done in error and only identified and removed after Plaintiff sought the position, or if this is an after the fact justification used by Defendant for refusing to fill the position with Plaintiff, due to her prior complaints of discrimination").) It is undisputed that Defendant did not replace Plaintiff's position and Defendant alleges that the only full-time

---

[3] In light of the Court's determination that summary judgment should be granted based on Plaintiff's failure to demonstrate pretext, the Court need not address Defendant's argument that the April 2012 job posting was not an adverse action, (Def.'s Br. at 7-9), or its remaining arguments.

RN-IV position filled after Plaintiff's termination was the Operating Room Position that Plaintiff was not qualified for. (Summ. J. Order at 12, 35-36.) Indeed, Plaintiff expressly states that she does not contend that she should have been hired for the Operating Room Position and "Defendant only set forth this fact to show that this was the only nursing position filled following the April 2012 posting." (Pl.'s Br. at 12.)

Upon reconsideration, the Court finds that it improperly accorded weight to the fact that Defendant filled the Operating Room Position in October 2012 and failed to appropriately consider Plaintiff's lack of qualifications for that job. When this essentially neutral fact is set aside, Plaintiff's sole support for the notion that Defendant's explanation was pretextual is the close temporal proximity between the protected activity and the April 2012 job posting. While temporal proximity may support the plaintiff's prima facie showing on a Title VII claim, "[t]emporal proximity alone is insufficient to defeat summary judgment at the pretext stage." Zann Kwan, 737 F.3d at 845, 847. In the absence of evidence pointing toward inconsistencies or weaknesses in Defendant's non-retaliatory reason for its failure to hire Plaintiff in connection with the April 2012 job posting, the Court finds that Plaintiff failed to raise issues of fact regarding pretext, and a reasonable jury could not find that "but-for" Defendant's retaliation, Plaintiff would have been rehired.

The Court is not persuaded by Plaintiff's argument that she was not required to demonstrate that Defendant intentionally posted the April 2012 job posting, as Defendant's intent is a trial issue, and "fact issues, including those involving witness credibility and inconsistencies in the opposing parties' summary judgment papers and proofs, can only be resolved at trial." (Pl.'s Br. at 10-11.) As set forth above, at the pretext stage, Plaintiff must adduce evidence in addition to temporal proximity in order to satisfy her burden. Cf. Zann Kwan, 737 F.3d at 847 (noting that at the pretext stage, "a plaintiff may rely on evidence comprising her prima facie case, including temporal proximity, together with other evidence such as inconsistent employer explanations, to defeat summary judgment . . . ."). Plaintiff failed to raise any issues of fact as to whether the April 2012 job was intentionally posted or Defendant's explanation for the withdrawal of the job posting was otherwise inconsistent or incredible. Plaintiff's conclusory assertion that intent and credibility are trial issues does not suffice.

Accordingly, Defendant's motion for reconsideration is GRANTED, the Summary Judgment Order is VACATED, and Defendant's motion for summary judgment is GRANTED in its entirety.

## CONCLUSION

For the foregoing reasons, Defendant's motion for reconsideration (Docket Entry 49) is GRANTED. The Clerk of the

Court is directed to VACATE that portion of the Court's Memorandum and Order dated March 31, 2016, (Docket Entry 47) that denied Defendant's motion for summary judgment.  Defendant's motion for summary judgment (Docket Entry 34) is GRANTED in its entirety.

The Clerk of the Court is further directed to enter judgment accordingly and mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     February __24__, 2017
           Central Islip, New York